**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| MATTHEW FITZSIMMONS and KAREN FITZSIMMONS,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPHINE FRECHETTE,<br><br>Defendant. | Case No.: 1:21-cv-03951<br><br>Honorable<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME the above-named Plaintiffs, Matthew Fitzsimmons and Karen Fitzsimmons, by their undersigned counsel, and for their Complaint against the above-named Defendant, Josephine Frechette, allege as follows:

## INTRODUCTION

1. This action arises out of Defendant's negligent operation of a vehicle, which resulted in severe and permanent injuries to Plaintiff Matthew Fitzsimmons, who was riding a bicycle when he was struck by Defendant's truck.

## PARTIES

2. The Plaintiff, Matthew Fitzsimmons ("Fitzsimmons"), is an adult resident of Scott County, Iowa, whose address is 6870 Little Cabin Road, Bettendorf, IA 52722.

3. The Plaintiff, Karen Fitzsimmons ("K. Fitzsimmons"), is an adult resident of Scott County, Iowa, whose address is 6870 Little Cabin Road, Bettendorf, IA 52722. Fitzsimmons and K. Fitzsimmons are husband and wife.

4. The Defendant, Josephine Frechette ("Frechette"), upon information and belief, is an adult resident of Whiteside County, Illinois, and currently resides at 9310 Blink Road, Fenton,

IL, 61251.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action under 28 U.S.C. §§ 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiffs are citizens of a different state than Defendant.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in Whiteside County, Illinois, and because the incident that gave rise to Plaintiffs' claims occurred in Whiteside County, Illinois.

## FACTS

7. On July 30, 2019 at approximately 10:52 a.m., Fitzsimmons was riding his bicycle northbound on County Highway 36 in the City of Fulton, Whiteside County, Illinois. Fitzsimmons was wearing his bicycle helmet.

8. At the same time and place described above, Frechette was driving a 2013 Ford F-Series pickup truck, traveling westbound on North Bridge Approach Road approaching the intersection with County Highway 36.

9. At the same time and place described above, a pilot truck was traveling northbound on County Highway 36 directly in front of Fitzsimmons. The pilot truck was escorting an oversized load truck carrying a wind turbine head that was traveling northbound on County Highway 36 directly behind Fitzsimmons.

10. The pilot truck came to a complete stop on northbound County Highway 36 at North Bridge Approach Road, blocking westbound North Bridge Approach Road and Frechette's truck, and allowed Fitzsimmons to proceed northbound past the pilot truck.

11. As Frechette attempted to bypass the pilot truck and enter County Highway 36 by maneuvering her vehicle off the roadway into a grassy ditch, she struck Fitzsimmons and his bicycle as he was traveling northbound on County Highway 36 at the intersection with eastbound Great River Trail. The impact caused Fitzsimmons to fall onto the ground.

12. At and before the time of the described incident, Frechette was negligent in the operation and use of her vehicle in that she, among other things, made an improper pass from the right, failed to maintain a proper lookout, failed to yield the right of way, failed to pay proper attention, failed to stop at a stop sign, and was otherwise negligent. Frechette was cited for an improper pass from the right.

13. The negligence of Frechette was a cause of the injuries and damages sustained by Fitzsimmons.

14. Frechette's conduct as set forth above was a substantial factor in causing the personal injuries suffered by Fitzsimmons.

15. As a result of the described incident and the negligence of Frechette, Fitzsimmons suffered severe and permanent personal injuries that have required, and will require, medical care, treatment and attention with attendant expense, past and future pain, suffering, loss of enjoyment of life, and other compensable injuries, all to his damage in an amount to be determined at trial by a jury.

16. As a result of the described incident and the negligence of Frechette, K. Fitzsimmons has provided and will continue to provide nursing related services to her husband, Fitzsimmons, and has been deprived and will continue to be deprived of the society, companionship, and consortium of her husband, all to her damage in an amount to be determined by a jury.

## COUNT I
***Negligence***

17. The allegations contained in paragraphs 1 through 16 above are realleged and incorporated as if fully set forth herein.

18. At and before the time of the described incident, Frechette was negligent in the operation and use of her vehicle in that she, among other things, made an improper pass from the right, failed to maintain a proper lookout, failed to yield the right of way, failed to pay proper attention, failed to stop at a stop sign, and was otherwise negligent. Frechette was cited for an improper pass from the right.

19. The negligence of Frechette was a cause of the injuries and damages sustained by Fitzsimmons.

20. Frechette's conduct as set forth above was a substantial factor in causing the personal injuries suffered by Fitzsimmons.

21. As a result of the described incident and the negligence of Frechette, Fitzsimmons suffered severe and permanent personal injuries that have required, and will require, medical care, treatment and attention with attendant expense, past and future pain, suffering, loss of enjoyment of life, and other compensable injuries, all to his damage in an amount to be determined at trial by a jury.

22. As a result of the described incident and the negligence of Frechette, K. Fitzsimmons has provided and will continue to provide nursing related services to her husband, Fitzsimmons, and has been deprived and will continue to be deprived of the society, companionship, and consortium of her husband, all to her damage in an amount to be determined by a jury.

## COUNT II
***Loss of Society and Companionship***

23. The allegations contained in paragraphs 1 through 22 above are realleged and incorporated as if fully set forth herein.

24. At and before the time of the described incident, Fitzsimmons and K. Fitzsimmons were married and they continue to be married.

25. As a result of the wrongful and negligent acts of the Defendant, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

26. The Defendant's conduct as fully set forth above was a substantial factor in causing these damages to the Plaintiffs.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs demand judgment against the Defendant as follows:

i. Against Defendant for full amount of the Plaintiffs' damages to be determined by a jury;

ii. For costs and attorney's fees; and

iii. For such other legal and equitable relief to which the Plaintiffs may be entitled to by law.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated this 26th day of July, 2021.

Respectfully submitted,

/s/ Brittany Hartwig___
Brittany Hartwig, No. 6318385
Christopher Strombaugh*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor

Chicago, Illinois 60602
Telephone: 312-214-7900
Facsimile: 312-253-1443
alevitt@dicellolevitt.com
cstombaugh@dicellolevitt.com
bhartwig@dicellolevitt.com

Christopher J. MacGillis*
Lauren E. Raupp*
**MacGILLIS WIEMER, LLC**
11040 W. Bluemound Road, Suite 100 |
Milwaukee, WI 53226
Telephone: (414) 727-5150
Facsimile: (414) 727-5155
chris@macgilliswiemer.com
lauren@macgilliswiemer.com
*Counsel for Plaintiffs*

*Application to appear pro hac vice to be filed