IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Matthew Fitzsimmons and Karen Fitzsimmons, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 21 cv 50295 |
| v. | ) ) | Magistrate Judge Margaret J. Schneider |
| Josephine Frechette, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Matthew Fitzsimmons and Karen Fitzsimmons ("Plaintiffs") brought suit against Josephine Frechette ("Defendant"), alleging claims of negligence and loss of consortium. Before the Court is Plaintiffs' motion for new trial, which is denied for the following reasons.

**A. Background**

On July 30, 2019, Matthew Fitzsimmons was riding his bicycle on County Road 36 in Fulton, Illinois. Josephine Frechette was driving on North Bridge Approach Road, approaching the intersection with County Road 36. Before Josephine Frechette reached the intersection, a pilot truck escorting an oversized load stopped on County Road 36, in front of the intersection. Due to the pilot truck's position in the intersection, Josephine Frechette drove off the roadway and onto the grass to take a right-hand turn onto County Road 36. Josephine Frechette's truck and Matthew Fitzsimmons's bicycle then collided. Matthew Fitzsimmons fell off his bicycle and hit his head on the pavement.

Matthew Fitzsimmons and his wife, Karen Fitzsimmons, brought the instant suit against Josephine Frechette, alleging claims of negligence and loss of consortium. After a six-day trial, the jury returned a verdict for Plaintiff Matthew Fitzsimmons against Defendant Josephine Frechette. The jury determined that the July 30, 2019 collision caused Matthew Fitzsimmons to suffer $8,500 in damages. The jury then reduced this award by the percentage of negligence attributed to Matthew Fitzsimmons for the collision, 40%. After this reduction, Matthew Fitzsimmons's final award of damages was $5,100. As to the claim of loss of consortium, the jury found in favor of Defendant Josephine Frechette, and against Plaintiff Karen Fitzsimmons.

**B. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 59, a court may "grant a new trial on all or some of the issues . . ., for any reason for which a new trial has heretofore been granted in an action at law in federal court." *Magnuson v. Trulite Glass & Aluminum Solutions, LLC*, No. 19 cv 6158,

2024 WL 1216338, at *2 (N.D. Ill. March 21, 2024) (quoting Fed. R. Civ. P. 59(a)(1)(A)). A new trial "is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Id*. (internal quotations and citations omitted). Trial courts have "considerable discretion" in ruling on a motion for new trial. *Id*.; *see also PECO Pallet, Inc. v. Northwest Pallet Supply Co.*, No. 15 cv 50182, 2019 WL 8324483, at *2 (N.D. Ill. Jan. 29, 2019). Plaintiffs' motion for new trial is governed by federal law, but substantive questions raised in the motion are governed by Illinois law. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1407 (7th Cir. 1991).

    C.    Argument

Plaintiffs argue that the jury's award of damages to Plaintiff Matthew Fitzsimmons is against the manifest weight of the evidence. They also argue that the jury's verdict against Plaintiff Karen Fitzsimmons is inconsistent with the verdict for Matthew Fitzsimmons. Plaintiffs ask the Court to enter judgment in favor of Karen Fitzsimmons and to order a new trial to assess her damages and to reassess Matthew Fitzsimmons's damages.

    1.  Manifest Weight of the Evidence

At trial, Matthew Fitzsimmons sought damages for pain and suffering, emotional distress, and loss of normal life. Ultimately, the jury awarded him $5,500 for pain and suffering, $3,000 for emotional distress, and $0 for loss of normal life. The jury further reduced these awards by the percentage of negligence they found attributable to Matthew Fitzsimmons, 40%. Plaintiffs argue that the jury's award is against the manifest weight of the evidence.

Under Illinois law, a jury's determination of damages "is a question of fact that is within the discretion of the jury" and "is entitled to substantial deference." *Snover v. McGraw*, 667 N.E.2d 1310, 1315 (Ill. 1996). A court may vacate a jury's award of damages only if "a proven element of damages was ignored, the verdict resulted from passion or prejudice, or the award bears no reasonable relationship to the loss suffered." *Stift v. Lizzadro*, 841 N.E.2d 126, 134 (Ill. Ct. App. 2005) (quoting *Snover*, 667 N.E.2d at 1315). "[U]nlike economic damages, such as medical expenses," noneconomic damages, such as pain and suffering, emotional distress, and loss of normal life are "not as readily calculable in money." *Snover*, 667 N.E.2d at 1315. The Illinois Supreme Court has held that a jury may reasonably find a defendant negligent and, at the same time, award nothing for noneconomic damages where the evidence supports such an award. *Snover*, 667 N.E.2d at 1315 (jury could conclude that the plaintiff "suffered only minimal discomfort, which was not compensable"); *see also Neville v. Gersham*, No. 21 cv 131, 2024 WL 1254570, at *2 (S.D. Ill. March 25, 2024) ("[E]ven if (as in *Snover*) the jury thought Defendant's negligence caused some physical injury to Plaintiff, the jury was 'well within the confines of the evidence in concluding' that Defendant's negligence did not proximately cause Plaintiff pain and suffering, loss of normal life, or emotional distress." (quoting *Snover*, 667 N.E.2d at 1315)).

In this case, the jury could reasonably find that Matthew Fitzsimmons suffered only minimal pain and suffering and emotional distress and no loss of normal life. The evidence presented to the jury established that Matthew Fitzsimmons hit his head during the July 30, 2019 collision and suffered a concussion, or mild traumatic brain injury. However, the evidence establishing the

severity, duration, and effects of that injury was both contested and primarily subjective in nature. "Where evidence is contradicted, or where it is merely based on the subjective testimony of the plaintiff, a jury is free to disbelieve it." *Stift*, 841 N.E.2d at 135 (upholding jury award of no damages for loss of normal life); *see also Snover*, 667 N.E.2d at 1315 ("In cases in which a plaintiff's evidence of injury is primarily subjective in nature and not accompanied by objective symptoms, . . . the jury may reasonably find the plaintiff's evidence of pain and suffering to be unconvincing."). At trial, the jury was presented with evidence that, from the time of the July 30, 2019 collision through the time of trial almost six years later, Matthew Fitzsimmons has complained of subjective symptoms such as light sensitivity, noise sensitivity, overstimulation, headaches, and dizziness. The jury also heard testimony that these symptoms have limited the time Matthew Fitzsimmons spends with his family and his ability to perform chores around the house, although he has been able to continue participating in everyday activities such as going on long bicycle rides and volunteering at a pottery studio (until a few weeks before trial). Although the testimony of Plaintiffs' experts and the evidence in the medical record were "replete with references" to Matthew Fitzsimmons's subjective symptoms, "[t]he fact that they were memorialized in a great number of medical records does not transform them into objective evidence." *Springer v. Ethicon, Inc.*, No. 17 cv 3930, 2018 WL 1453553, at *10 (N.D. Ill. March 23, 2018) (upholding jury's award of no damages for pain and suffering). Plaintiffs argue in their reply brief that Plaintiffs' expert, Dr. Short, testified that objective evidence supported his conclusion that Matthew Fitzsimmons sustained a permanent brain injury in the July 30, 2019 collision which has caused Matthew Fitzsimmons's subjective symptoms. This argument mischaracterizes the testimony. Dr. Short testified on cross-examination that there were no objective findings to support Matthew Fitzsimmons's subjective complaints. Another of Plaintiffs' experts, Dr. Rothke, did testify that objective evidence supported his conclusion that the July 30, 2019 collision caused Matthew Fitzsimmons to suffer neuropsychological impairments. However, Defendant's expert, Dr. Soble, disputed those findings. Dr. Soble also disputed the nature and severity of Matthew Fitzsimmons's injuries, testifying that objective evidence established that Matthew Fitzsimmons is cognitively normal and that any objective symptoms of a concussion would have resolved within three months.

In light of the subjective nature of Matthew Fitzsimmons's complaints and the conflicting expert testimony, "[c]redibility was significant in this case." *Snover*, 667 N.E.2d at 1315. Although Matthew Fitzsimmons and others testified about the restrictions and limitations in Matthew Fitzsimmons's life, "the jury was free to make its own credibility determinations and reject or accept their testimony." *Poliszczuk v. Winkler*, 899 N.E.2d 1115, at 1131 (Ill. Ct. App. 2008) (upholding jury award of no damages for loss of normal life); *see also DiFranco v. Kusar*, 90 N.E.3d 556, 565 (Ill. Ct. App. 2017) (upholding jury award of no damages for pain and suffering). Additionally, even if the jury accepted Matthew Fitzsimmons's subjective symptoms, the jury was presented with evidence that those symptoms could be unrelated to the July 30, 2019 collision. Plaintiffs have not alleged that there was an error of law that affected the jury verdict and "[t]he record contains no suggestion of mistake, confusion, partiality, or prejudice on the part of the jury." *Snover*, 667 N.E.2d at 1315. The Court concludes that the jury's damages award is "well within the confines of the evidence" and that a new trial is not warranted on this basis. *Id.*

2. Inconsistent Verdicts

Plaintiffs argue that the verdict for Plaintiff Matthew Fitzsimmons is inconsistent with the verdict against Plaintiff Karen Fitzsimmons on her loss of consortium claim. They argue that there is no reasonable hypothesis to support the jury's determination that Defendant was not liable to Karen Fitzsimmons and that the jury's verdict contravened the jury instructions. They ask the Court to enter judgment for Karen Fitzsimmons and order a new trial to assess her damages.

"A new trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in a case in which the jury has returned inconsistent verdicts." *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005); *see also Black & Decker Inc. v. Robert Bosch Tool Corp.*, No. 04 C 7955, 2007 WL 108412, at *11 (N.D. Ill. Jan. 12, 2007) ("[T]he proper remedy for an inconsistent verdict is a new trial under [Federal Rule of Civil Procedure] 59(a)."). Therefore, the Court will not enter judgment for Karen Fitzsimmons but will consider whether Plaintiffs are entitled to a new trial on all claims pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). A party claiming inconsistent verdicts is not entitled to a new trial unless "no rational jury could have brought back" the verdicts which were returned. *Deloughery*, 422 F.3d at 617 (internal citation and quotation omitted). "If possible, this court must reconcile apparently inconsistent verdicts, rather than overturn them." *Id*.

A loss of consortium claim allows one spouse ("the deprived spouse") to recover damages for injury to the other spouse ("the injured spouse"). *Pease v. Ace Hardware Home Center of Round Lake No. 252c*, 498 N.E.2d 343, 349 (Ill. Ct. App. 1986). A claim for loss of consortium is "a separate cause of action," even though it depends upon the claim of the injured spouse. *Id*. To recover for loss of consortium, a deprived spouse must "prove liability on the part of defendant, marriage to the injured spouse, and damages." *Seaman v. Wallace*, 561 N.E.2d 1324, 1338 (Ill. App. Ct. 1990). "[A]lthough liability may have been proved, a plaintiff must still prove damages to recover." *Id*.

Defendant argues that the jury's verdict against Karen Fitzsimmons is essentially the same as a verdict for Karen Fitzsimmons with an award of zero damages. Courts applying Illinois law have upheld jury verdicts that awarded damages to the injured spouse but no damages to the deprived spouse for loss of consortium. *See id*. ("There is no presumption of injury to the rights of consortium of the wife arising from injury to the husband"); *Bray v. National R.R. Passenger Corp.*, No. 91 cv 4977, 1993 WL 189630, at *5 (N.D. Ill. June 3, 1993). However, the Illinois Appeals Court has previously declined to construe a verdict against a deprived spouse as an award of zero damages. *See Pease*, 498 N.E.2d at 349. The *Pease* court rejected this argument mainly because the court found that "the jury's verdict, if construed as an award of '0' damages, [would have been] against the manifest weight of the evidence." *Id*. at 352. In this case, the Court notes that evidence of Karen Fitzsimmons's damages was contested. Evidence of Matthew Fitzsimmons's injury was primarily subjective, the nature and severity of Matthew Fitzsimmons's injury was strongly disputed at trial, and the jury was presented with evidence that Matthew Fitzsimmons's symptoms could be unrelated to the July 30, 2019 collision. The jury was free to make credibility determinations and reject the testimony of any witness, including Matthew and Karen Fitzsimmons. Given the minimal award of damages to Matthew Fitzsimmons, the jury apparently concluded that the July 30, 2019 collision did not severely injure him. Therefore, it

would not have been against the manifest weight of the evidence for the jury to have awarded no damages to Karen Fitzsimmons. *See Seaman*, 561 N.Ed.2d at 1339 ("The jury's determination concerning the loss of consortium [was] supportable."). The fact that an award of zero damages for loss of consortium would not have been against the manifest weight of the evidence distinguishes this case from *Pease*. Therefore, the Court construes the jury's verdict against Karen Fitzsimmons as an award of zero damages and finds that the jury did not disregard the jury instructions.

Additionally, Plaintiffs waived their right to object to any inconsistency in the verdicts. The Seventh Circuit has held that "a party wishing to challenge a jury's general verdict on the ground of inconsistent verdicts must normally make a contemporaneous objection before the jury disbands." *Continental Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 754 (7th Cir. 2020). There are exceptions to this general rule, including if "a party had no meaningful opportunity to object to the jury's verdict" or "if the jury's verdict resists all efforts at reconciliation, such that the grant of a Rule 59 motion for new trial is the only remedy possible." *Id*. These exceptions to the contemporaneous objection rule do not apply in this case. Plaintiffs had ample opportunity to object on the ground of inconsistent verdicts. After the jury returned the verdicts, the Court sent the jury out of the room and specifically asked the parties if the verdicts were inconsistent. If any party had argued that the verdicts were inconsistent, the Court could have tried to "fix the problem by resubmission to the jury as contemplated by [Federal Rule of Civil Procedure] 49(b)(3)(B)." *Id*. Not only did Plaintiffs fail to make a contemporaneous objection, but Plaintiffs' counsel explicitly declined to do so. Therefore, Plaintiffs have also waived any right to object that the verdicts are inconsistent. *Id*.

## CONCLUSION

Plaintiffs' motion for new trial [114] is denied.

Date:   June 11, 2025          ENTER:

*Margaret J. Schneider*
United States Magistrate Judge